UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BROWN, on behalf of himself, and all others similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>SBC COMMUNICATIONS INC., *et al.*,<br><br>           Defendants. | Case No. 05-cv-777-JPG |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Charles Brown's motion for remand (Doc. 10), to which defendant ILD Telecommunications, Inc. (ILD) has responded (Doc. 25). The parties (Brown and ILD on behalf of the other defendants) have filed supplemental briefs (Doc. 32, 34) on the amount in controversy in this case pursuant to Judge Reagan's order (Doc. 31). For the following reasons, Brown's motion for remand will be **DENIED**.

### BACKGROUND

Brown filed this putative class action against SBC Communications Inc. (SBC), Enhanced Services Billing, Inc. (ESBI), Billing Services Group, LLC (BSG), Arby Partners LLC and ILD in the Circuit Court of Illinois for St. Clair County on July 26, 2005. ILD timely removed the case on October 26, 2005. (Doc. 1).

Brown claims defendants engaged in "cramming" – essentially, that they included unauthorized charges on his phone bill. He brings two claims based on this conduct: one under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 and the other at common law for unjust enrichment. He defines the proposed class as follows: "All persons or

entities who were residents of Illinois and who were improperly billed for cramming charges by ESBI, ILD, and ILDT through their SBC billing statements during the period of June 16, 2002 through [July 26, 2005]." (Doc. 2 at 3).

As will become clear below, the key to the resolution of Brown's motion is BSG, as it is the only defendant that is a citizen of Illinois. Unfortunately, the complaint says little of BSG, other than that it owns ESBI – as it turns out, through its subsidiaries. Beyond this, the only thing said of BSG is that it "provides outsourced customer care, billing, and collection clearinghouse services" to telecommunications companies and information services providers. (Doc. 2 at 2).

ESBI is a billing clearinghouse for SBC, which, along with ILD (another clearinghouse), was directly responsible for placing unauthorized charges on SBC's telephone billing statements. The complaint does not make clear how the cramming actually took place here. In sections A and B of Brown's factual allegations, he describes in a general way how cramming works – how it "*may* be performed." (Doc. 2 at 5) (emphasis added).[1] But saying how cramming *may* be performed is not the same as saying how it *was* performed. The only portion of the complaint that pretends toward a description of defendants' activities here reads as follows: "In this instance, the actual carrier or service provider is three steps removed from the customer. The chain is: carrier or service provider, first billing agent, second billing agent, [local exchange carrier], and end-use customer." But again, this tells the reader nothing relevant. Other than the foregoing, Brown simply alleges that unauthorized charges for "Traveller Info Svcs #," and

---

[1] For example, Brown alleges, "a service provider or carrier that wishes to engage in cramming has ready means available to gain access to end-user telephone bills," "[c]ramming may be performed by an information service provider,"and "[i]ndeed the crammer may then dissipate these funds and declare bankruptcy." (Doc. 2 at 5).

"Nationwide Voice Msg," appeared on his bills several times in 2004 and 2005.

## ANALYSIS

ILD claims the Court has "traditional" diversity jurisdiction and, separately, jurisdiction under the Class Action Fairness Act of 2005, Pub.L. 109-2, 119 Stat. 4 (2005) ("CAFA"). 28 U.S.C. § 1332. The parties' supplemental briefs disclose that the amount in controversy in this case exceeds $5,000,000.00. As it is clear that the parties are at least minimally diverse, the issues remaining for decision are whether the parties are completely diverse and whether remand is proper under 28 U.S.C. § 1332(d)(3) and (d)(4). The answers to these questions depend on what role, if any, BSG played in the events described in the complaint.

**I.     Fraudulent Joinder and Diversity Jurisdiction**

ILD claims Brown fraudulently joined BSG because he failed to allege that it was involved in any wrongdoing. Brown claims ILD has not met its burden of making this showing, but makes no other response.

A plaintiff joins a defendant fraudulently when he cannot possibly state a claim against it in state court. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The removing party bears the "heavy burden" of making this showing, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992), and must do so by clear and convincing evidence, *see, e.g., Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). If the removing party meets is burden, the fraudulently joined party is disregarded. *Gottlieb*, 990 F.2d at 327.

In the absence of any alleged wrongdoing on the part of BSG, the only possible basis for its liability is its ownership of ESBI. ILD has submitted an affidavit, which Brown has not disputed, which shows that BSG is a holding company that owns Thurston Communications Corp. (another holding company), which owns BCI Acquisition, Inc., which owns ESBI. Under

Illinois law, parent companies are not liable for the torts of their subsidiaries unless there is a basis for piercing the corporate veil. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). Brown has offered no allegations, which, if true, would pierce even one of these veils. While this failure does not mean that facts supporting an as yet hypothetical allegation do not exist, this *possibility* cannot rightly bar federal jurisdiction. Even as applied to notice pleading states (which Illinois is not), courts have held that a hypothetical possibility of liability is a patently insufficient basis on which to ground a remand. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist. To the contrary, whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery.").

Courts commonly find fraudulent joinder when a plaintiff joins a corporation related to a party against whom it has made actionable allegations, but fails to include any other actionable allegation against the related corporation. *See, e.g., Pampillonia*, 138 F.3d at 461-62; *see also Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); *Kocot v. Alliance Mach. Co.*, 651 F.Supp. 226, 227-28 (S.D. Ill. 1986). Given the absence of any allegations of wrongdoing, or complicity in wrongdoing, on the part of BSG, the complaint discloses no possible way that Brown could state a claim against BSG. Stated differently, ILD has met its burden of demonstrating fraudulent joinder. When BSG is disregarded, there is no disputing that the parties are completely diverse.

**II.     CAFA: Remand under § 1332(d)(3) and § 1332(d)(4)**

The amount in controversy exceeds $5,000.000.00 and the parties are minimally diverse,

4

so CAFA's jurisdictional prerequisites are met in this case. 28 U.S.C. § 1332. As such, the burden shifts to Brown to show that remand is necessary under §§ 1332(d)(3) and (d)(4). *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680 (7th Cir. 2006). Under § 1332(d)(3), a court may, "in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" over an action in which one-third to two-thirds of the plaintiffs and "the primary defendants" are citizens of the State where plaintiffs filed the action. The Courts of Appeals have not elaborated on the definition of primary defendant. Nevertheless, Brown has not put forth any information from which the Court could reasonably conclude that BSG is a primary defendant, no matter how that phrase comes to be defined. Surely, the Court's determination that BSG was fraudulently joined means that it cannot be considered a primary defendant. But even if this were wrong, it would defy reason to hold that its relation to ESBI, without more, makes it a primary defendant.

Similarly, Brown has failed to show that dismissal is mandatory under § 1332(d)(4). Under that section, the Court *must* decline to exercise jurisdiction over a class action in which more than two-thirds of the proposed class are citizens of the state where the action was filed; at least one defendant is a defendant from whom plaintiffs seek significant relief, whose conduct forms a significant basis for the relief sought and who is a citizen of the State where plaintiffs brought the action; and during the three-year period before plaintiffs filed the action, no other class action has been brought asserting the same or similar claims against any of the defendants. 28 U.S.C. § 1332(d)(4)(A). The Court must also decline to exercise jurisdiction if two-thirds of the plaintiffs and the primary defendants are citizens of the state where plaintiffs filed the action. 28 U.S.C. § 1332(d)(4)(B).

Here, Brown has not alleged any improper conduct on the part of BSG. Therefore, the

Court cannot say that its conduct formed a significant basis for the relief sought. The complaint does not disclose any reasonable basis for the conclusion that BSG had any hand in the conduct complained of whatsoever.  Brown has failed to persuade the Court that it must remand the case.

## CONCLUSION

For the foregoing reasons, Brown's motion for remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 29, 2006**

                                               s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**