UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. BROWN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., ENHANCED SERVICES BILLING, INC., BILLING SERVICES GROUP, LLC, ABRY PARTNERS LLC, ILD TELECOMMUNICATIONS, INC., and ILD TELESERVICES, INC.,<br><br>Defendants. | Case No. 05-cv-777-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Class Certification (Doc. 71). Defendants have responded and Plaintiff has replied. For the following reasons, the Court DENIES the Motion.

## BACKGROUND

Plaintiff Charles Brown, a local telephone subscriber of Defendant SBC Communications, Inc., ("SBC") alleges that on at least eleven occasions in 2004 and 2005, he was the victim of "cramming." Brown defines "cramming" as "the placing of unauthorized, misleading or deceptive charges for products or services on customers's local telephone billing statements." Brown originally filed this action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on behalf of himself and a proposed class of SBC subscribers who allegedly were subjected to the "cramming" of unauthorized charges onto their monthly billing statements from SBC. The Complaint asserts claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 – 505/12, ("ICFA") and

unjust enrichment. The action was removed to this Court pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"). By order entered September 29, 2006, the Court held that removal of this case was proper pursuant to CAFA and denied remand of the case to state court.

According to Brown, on at least five occasions (February 2004, March 2004, May 2004, June 2004, and July 2004) Brown's monthly billing statement from SBC contained a $14.95 charge for "Traveller Info Svcs #," which Brown alleges is a monthly fee for "technical support services" that he never authorized. Likewise, Brown alleges that on at least six occasions (August 2004, September 2004, October 2004, November 2004, December 2004, and January 2005) he was billed a monthly fee of $14.95, together with taxes and local, state, and federal charges of $1.36, for "Nationwide Voice Msg," a "nationwide voice messaging" service Brown never requested. There is some dispute as to whether Brown in fact ordered the services at issue. SBC is, as discussed, Brown's local telephone service or "local exchange carrier" (LEC). Defendants Enhanced Services Billing, Inc., (ESBI) and ILD Telecommunications, Inc. (ILD) are companies that bill consumers directly or through LECs for services provided by third-party companies in the telecommunications industry. ILD is alleged to be responsible for placing the unauthorized charges for "Nationwide Voice Msg" on Brown's SBC billing statement. Although it is not entirely clear from the allegations of Brown's complaint, presumably Brown believes that ESBI is responsible for placing the unauthorized charges for "Traveller Info Svcs #" on Brown's SBC billing statement. Defendant Billing Services Group, LLC, (BSG) which is also a billing company, is alleged to own ESBI. Defendant Abry Partners, LLC, (Abry) is alleged to own BSG.

Brown alleges that all of the defendants acted jointly to "cram" unauthorized charges onto the SBC billing statements of Brown and the members of the proposed class. Brown proposes the Court certify a class consisting of:

> All persons or entities who were residents of Illinois and who were improperly billed for cramming charges by defendants Enhanced Services Billing, Inc. and Billing Services Group, LLC (collectively "ESBI"), defendants ILD Telecommunications, Inc. and ILD Teleservices, Inc. (collectively "ILD") through their billing statements from defendant SBC Communications, Inc. ("SBC") during the period of June 16, 2002 through the present (the "Class Period").

Defendants object that the proposed class cannot be ascertained, Brown's complaint is not typical of the complaints of the proposed class, common questions of law or fact do not predominate over those affecting only individual members, and a class action suit is not the superior means of adjudicating the action because of likely difficulties in managing the action.

**ANALYSIS**

The Seventh Circuit advises district courts to use caution in deciding whether an action is appropriate for class certification. *Thorogood v. Sears, Roebuck and Company*, 547 F.3d 742, 746 (7th Cir. 2008). "Before deciding whether to allow a case to proceed as a class action . . . a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). In evaluating class certification a court "must take into account 'the substantive elements of plaintiffs' cause of action and inquire into the proof necessary for the various elements and envision 'the form that trial on these issues would take.'" *Spicer v. Chicago Bd. Options Exch., Inc.*, No. 88 C 2139, 1990 WL 16983, at *5 (N.D. Ill. Jan. 31, 1990) (quoting *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981)). The plaintiff bears the burden of establishing that class certification is appropriate. *Oshana v. Coca-Cola Co.*, 427 F.3d 506, 513 (7th Cir.2006).

**I.     Rule 23 Requirements**

A party seeking certification of a class under Rule 23 of the Federal Rules of Civil Procedure must demonstrate that the proposed class meets all four requirements of Rule 23(a): (1) the class is so numerous that joinder of the class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class as a whole ("typicality"); and (4) the representatives will fairly and adequately protect the class interests ("adequacy"). *See* Fed. R. Civ. P. 23(a)(1)-(4); *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). An additional requirement courts have implied in Rule 23(a) is that a proposed class must be reasonably definite and ascertainable. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1760 (1998 & Supp. 2007) (collecting cases). If a proposed class meets the prerequisites of Rule 23(a), it must then be shown that the class satisfies at least one of the three requirements of Rule 23(b) as well. *See Hispanics United of DuPage County v. Village of Addison, Ill.*, 160 F.R.D. 681, 686 (N.D. Ill. 1995); *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993).

Plaintiff asks for certification pursuant to Rule 23(b)(3). Under Rule 23(b)(3), a case may proceed as a class action if the requirements of Rule 23(a) are satisfied and if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The court must consider the following factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or

> undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). *See also Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

As outlined above, Plaintiff's claims against Defendants hinge on the fact that Plaintiff did not authorize the services for which he was billed. If the services had been authorized, Defendants's actions would not violate the ICFA, nor would Defendants be unjustly enriched (at least not as alleged by Plaintiff in his Complaint). Accordingly, the proposed class is: "All persons or entities who were residents of Illinois and who were *improperly billed for cramming charges* . . ." (emphasis added). Therefore, a consumer charged for a legitimately authorized service is not a member of the proposed class. Defendants contend that the question of whether each potential class member authorized the services for which he or she was billed requires individualized inquiries that render this case inappropriate for class certification. The Court agrees.

This case has close parallels to *Thorogood*, 547 F3d 742, a case which the Seventh Circuit, focusing on this issue of whether questions common to the class predominated over individual questions, remanded for decertification. There, a consumer filed suit on behalf of a class of consumers alleging that the defendant's advertising of a clothes dryer as containing a stainless steel drum was deceptive because the drum was not made entirely of stainless steel and resulted in rust stained clothes. The Seventh Circuit remanded for decertification of the class because "the evaluation of the class members' claims will require individualized hearings" in order to determine if the class member was actually deceived. *Id*. at 747. As such, common questions of law or fact did not predominate over issues particular to each consumer, making class certification inappropriate. *Id*. at 746-47.

5

Similarly, here, the Court will need to make individual determinations as to whether each proposed class member authorized the charges for which he was billed by defendants. The result will be multiple mini-trials, each requiring individual proofs. Consequently, there will be no judicial economy realized from certifying this action as a class action. Defendants contend that Mr. Brown, himself, does not qualify as a class member because the services for which he was billed were actually authorized by him. The Court will not address the merits of that argument here. However, the evidence presented by both sides as to whether the charges were actually authorized, whether such authorization was done knowingly, and whether Mr. Brown utilized the services for which he was charged, is a good indication of the type of evidence the Court may expect to weigh for each and every potential class member.

In his Reply, Plaintiff argues first, that the class as proposed is manageable. However, he fails to explain how it is manageable, and the Court is not reassured by his bare assertion. Alternatively, Brown argues that the Court can use its discretion to fashion a more appropriate class. Plaintiff suggests that the Court could avoid the necessity of individual hearings as to whether the individual class members actually authorized the charges for which they were billed by limiting the proposed class to those members who purportedly authorized, but never utilized, services billed through the defendant clearinghouses. However, the central problem with proceeding with this case as a class action remains even under this redefined class. While the Court agrees that the fact that an individual member did not utilize the service for which he was charged is *evidence* that he did not actually authorize the charge, the Court would still have to resolve the issue of whether each individual class member actually authorized the charge for which he or she was billed. If an individual member did authorize the charge, then Defendants did not act improperly, at least as alleged by Plaintiff, in billing for the charge, regardless of

whether the member actually utilized the service for which he or she was charged.

## CONCLUSION

Because the questions of law or fact common to class members do not predominate over any questions affecting only individual members, and because a class action is not superior to other available methods for efficiently adjudicating this controversy, the Court **DENIES** the Motion to Certify Class (Doc. 71).

**IT IS SO ORDERED.**
**DATED: February 4, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**